UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN PIMENTAL *formerly known as* CAROLYN IGOE,<br>　　　　　Plaintiff,<br><br>v.<br><br>WACHOVIA MORTGAGE CORPORATION *formerly known as* FIRST UNION MORTGAGE CORPORATION<br>　　　　　Defendant. | CIVIL ACTION NO.:<br>1:05-cv-11097 (WGY) |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Wachovia Mortgage Corporation ("Wachovia") offers this brief reply to *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss* (the "Opposition Memo."). In particular, Wachovia submits that plaintiff's effort to convert the motion *sub judice* into a quest for summary judgment must fail. In addition, by repeatedly recognizing that the relevant loan documents created conditions precedent to **Wachovia's obligation** to advance funds, *see Opposition Memo.* at pp. 2, 3, 5, and 9, plaintiff is compelled to accept that, like any condition precedent, the obligation can be waived by the party to be benefited thereby – here Wachovia.

### I.　　The Motion to Dismiss Standard Should Apply.

Plaintiff urges this Court to turn this motion into a summary judgment proceeding. In order to advance that claim, she cites Wachovia's attachment of two exhibits to its initial motion and then argues that such documents constitute matters outside of the pleadings within the meaning of *Fed. R. Civ. P.* 12 (b) (6). Plaintiff is wrong.

The two documents at issue – a commitment letter and a bankruptcy pleading – are properly considered as part of Wachovia's motion to dismiss. Indeed, anticipating that plaintiff

would make this precise claim, Wachovia pointed out in its initial filings that the documents could be considered pursuant to *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001), because they are: (a) in the case of the commitment letter, referred to in the complaint (*see Amended Complaint*, Exhibit 4, *Construction Rider to Fixed Rate Note and Mortgage* (the "*Rider*"), p. 3), central to the claims at issue, and not seriously open to challenge regarding their authenticity; and (b) in the case of the bankruptcy pleadings, public records.

Plaintiff has offered no contrary authority, nor has she even challenged Wachovia's factual assertions regarding the documentation. The documents, therefore, meet the standards of Rule 12 (b) (6). *See e.g. MHI Shipbuilding, LLC v. National Fire Ins. Co. of Hartford*, 286 B.R. 16, 20 (D. Mass. 2002) (Young, J.); *see also Fuentes v. Hampden Co. Sheriff's Dept.*, 2004 WL 1490434, at * 7 (D. Mass. June 25, 2004); *Mendez v. Brown*, 311 F. Supp.2d 134, 136-37 (D. Mass. 2004); *Jonker v. Kelly*, 268 F. Supp.2d 81, 84 (D. Mass. 2003).[1]

## II.     The Motion to Dismiss Should be Granted.

Plaintiff has done **nothing** to counter the authority of *Clark v. Rowe*, 428 Mass. 339 (1998), *In re Fordham*, 130 B.R. 632 (Bankr. D. Mass. 1991), and *Blais v. Warren Five Cents Savings Bank*, 1993 Mass. App. Div. 213, 1993 WL 488429 (Mass. App. Div., Dist. Ct. Nov. 22, 1993), all as referenced in Wachovia's original moving papers.

Nor has plaintiff addressed the fact that the relevant loan documents *repeatedly* absolve Wachovia of any responsibility in connection with "the amount and value of the work that has been completed," which is, after all, the exact type of liability plaintiff here seeks to impose. *See*

---

[1] In fact, even if this matter is subjected to a summary judgment standard, plaintiff still cannot prevail inasmuch as she has failed to show there is a "genuine issue as to any ***material*** fact" as contemplated by *Fed. R. Civ. P.* 56 (emphasis added). Simply, even if the allegations contained in her affidavit are all true, they do nothing to undermine the relevant legal principles herein referenced.

*Commitment,*[2] ¶ 18, p. 3; *see also Rider*, ¶ 2 (containing plaintiff's agreement that Wachovia would not be held responsible for judgments regarding the "amount and value of the work that has been done" or the "quality or completeness of any construction"); *CLA*, ¶ 11, p. 5 (acknowledging that Wachovia is not responsible for the "quality of . . . materials or workmanship).

Instead, plaintiff relies on the unremarkable legal assertion that the various loan documents create "conditions precedent" to *Wachovia's obligation* to make loan disbursements. *See Opposition Memo.* at 2-3. In so doing, plaintiff completely ignores the fact that those "conditions precedent," which plaintiff acknowledges relate to Wachovia's funding obligations are, by definition, for *Wachovia's* benefit, *not* plaintiff's. And, if there was any doubt with respect to that issue – and there should not be – the *CLA* resolves it by explicitly providing that plaintiff "shall have no right to rely on any procedures required by [Wachovia] . . ., *such protections being for the protection of . . . [Wachovia] and no one else"* (emphasis added).

Precisely because these condition are for *Wachovia's* benefit, it is entirely up to *Wachovia* to decide whether such conditions will or will not be waived. *See Clark*, 428 Mass. at 346 (obligation to monitor account was for bank's benefit and "waivable by it"); *In re Fordham*, 130 B.R. at 642 ("lender is entitled to waive the conditions because they are for its benefit"); *Blais*, 1993 Mass. App. Div. 213 (referencing a loan agreement that contained language identical to that set forth in the *CLA*, and finding that bank owed no duty to borrower).

### III.    Conclusion

For these reasons, and for the reasons set forth in Wachovia's original moving papers, the motion to dismiss should be granted.

---

[2] Documents herein referenced are intended to have the same meaning ascribed to them by Wachovia's *Memorandum of Law in Support of Motion to Dismiss*, dated June 7, 2005.

                                                        THE DEFENDANT
                                                        WACOVIA MORTGAGE
                                                        CORPORATION

August 11, 2005

                                                       By _____
                                                          Donald E. Frechette
                                                          B.B.O. #547293

                                                          Nicholas J. Rosenberg
                                                         B.B.O #657887

                                                          EDWARDS & ANGELL, LLP
                                                          101 Federal Street
                                                          Boston, MA 02110-1800
                                                          (617) 439-4444 Telephone
                                                          (617) 439-4170 Telecopy

## CERTIFICATION

This is to certify that on this 11th day of August, 2005, a copy of the foregoing was mailed, first class, postage prepaid, to:

John H. Molloy, Esq.
385 Broadway, Suite 402
Revere, MA 02151
(781) 284-9934 (phone)
(781) 284-5301 (fax)

                                                          _____
                                                          Nicholas J. Rosenberg